J. CHRISTOPHER JORGENSEN, ESQ.
State Bar No. 5382
EMILY GUBLER CLARK, ESQ.
State Bar No. 10547
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398/fax

*Attorneys for Defendant*
*BAC Home Loans Servicing, LP*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| YVETTE WEINSTEIN, CHAPTER 7 TRUSTEE OF THE ARIEL JAIME BANKRUPTCY ESTATE, (Re: 8039 Anasazi Ranch Drive)<br><br>Plaintiff,<br><br>vs.<br><br>MORTGAGE CAPITAL ASSOCIATES, INC, Foreign Corporation; EMC MORTGAGE CORPORATION, Foreign Corporation; BAC HOME LOANS SERVICING, LP, Foreign Limited Partnership, et al.,<br><br>Defendants. | Case: 2:10-cv-01551-PMP-PAL<br><br>**DEFENDANT BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS** |

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8, defendant BAC Home Loans Servicing, LP ("BAC") hereby moves to dismiss plaintiff Yvette Weinstein's[1] Complaint for failure to state a claim upon which relief can be granted. This Motion is based on the pleadings and papers on file herein, the Request for Judicial Notice ("RJN") filed contemporaneously herewith, and the following Memorandum of Points and Authorities.

///

///

---

[1] Plaintiff Yvette Weinstein ("Plaintiff") was appointed as the Chapter 7 trustee of the Ariel Jaime Bankruptcy Estate following the debtor Ariel Jaime's ("Debtor") bankruptcy filing on September 16, 2008. (Complaint, at ¶ 2.) Because Debtor's causes of action became property of the bankruptcy estate, the named plaintiff in the instant action is the bankruptcy trustee.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

This lawsuit arises out of Debtor's default on his loan obligations and the resulting notice of trustee's sale of the subject property, which sale is currently scheduled for October 18, 2010. Debtor has not made a single mortgage payment on his home since March 2008. Now, more than two years later, Plaintiff would like to rewrite history, alleging that various entities involved in the home mortgage industry, from brokers to lenders to servicers, are all at fault for Debtor's decision to purchase his home, and contriving to shoehorn all defendants into ten causes of action ranging from conspiracy, to fraud, to alleged violations of no fewer than eleven different statutes.

Not surprisingly, the legal claims advanced by Plaintiff in this lawsuit fail to state cognizable claims for relief. Indeed, this Court has already rejected similar allegations and claims in granting motions to dismiss in *Goodwin v. Executive Trustee Servs., LLC*, 680 F. Supp. 2d 1244, 1251-52 (D. Nev. 2010); *Brant v. Shea Mortgage, Inc.*, Case No. 2:10-cv-00771-JCM, 2010 U.S. Dist. LEXIS 80940 (D. Nev. Aug. 6, 2010) (Mahan, J.) (Exhibit ("Ex.") I to RJN); *Lopez v. Executive Trustee Servs., LLC*, Case No. 3:09-CV-180-ECR-VPC, slip op. (D. Nev. Jan. 13, 2010) (Reed, J.) (Ex. J to RJN); *Green v. Countrywide Home Loans, Inc.*, Case No. 3:09-cv-00374, slip. op. (D. Nev. Jan. 11, 2010) (Reed, J.) (Ex. K to RJN); and *Hearne v. Countrywide Home Loans, Inc.*, Case No. 3:08-CV-0500-ECR-RAM, 2010 U.S. Dist. LEXIS 43169 (D. Nev. Apr. 30, 2010) (Reed, J.) (Ex. L to RJN).[2] There is no reason for this Court to reach a different result here.

As the authorities make clear, Plaintiff's conspiracy theories and generalities are no substitute for factual averment, and Plaintiff makes no allegation supporting even an inference that BAC did anything unlawful. The Complaint as against BAC is merely a frivolous attempt at blaming anyone but the Debtor for his bad investment. In sum, the Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] In addition, Judge Jones of the District of Nevada has denied motions for preliminary injunction in two cases involving similar claims, holding in both cases that the plaintiffs showed no likelihood of success on these claims. *Dalton v. CitiMortgage, Inc., et al.*, Case No. 3:09-CV-534-RCJ, Docket No. 132 (D. Nev. Oct. 9, 2009) (Jones, J.) (transcript excerpts attached as Ex. M to RJN); *Spracklin v. ReconTrust Co.*, Case No. 3:10-cv-00267-RCJ-VPC, slip op. at 3-5 (D. Nev. May 24, 2010) (Jones, J.) (*See* Ex. N to RJN).

## II.  FACTUAL BACKGROUND

### A.  Debtor Borrowed $326,522 and Secured the Loans with a Deed of Trust

Debtor Ariel Jaime purchased the subject property located at 8039 Anasazi Ranch Avenue, Las Vegas, Nevada 89131, Parcel No. 125-21-211-035 in December 2006. (*See* Complaint, attached to Dkt. #1, at ¶ 20; Grant, Bargain and Sale Deed, Ex. A to RJN; *see also* Property Records, Ex. B to RJN.) Debtor sought two loans from defendant Mortgage Capital Associates, Inc. to finance the purchase of the subject property – an adjustable rate mortgage in the amount of $290,242 and a short-term loan in the amount of $36,280. (*See* Complaint, attached to Dkt. #1, at ¶ 20; Adjustable Rate Note, Ex. C to RJN; Note, Ex. D to RJN.) Both loans were secured by deeds of trust. (*See* First Deed of Trust, Ex. E to RJN; Second Deed of Trust, Ex. F to RJN.) Both deeds of trust allow the beneficiaries to implement foreclosure proceedings should Debtor default under the terms of the loans. (*See* First Deed of Trust, Ex. E to RJN, at p. 13; Second Deed of Trust, Ex. F to RJN, at p. 5.) Specifically, the deeds of trust define Mortgage Electronic Registration Systems, Inc. ("MERS") as Mortgage Capital Associates, Inc.'s nominee beneficiary with standing to substitute as trustee. (*See* First Deed of Trust, Ex. E to RJN, at p. 2; Second Deed of Trust, Ex. F to RJN, at p. 2.)

The first mortgage, in the amount of $290,242, was eventually sold to Countrywide Bank, FSB, and servicing of this mortgage was transferred to Countrywide Home Loans Servicing, LP n/k/a BAC. (*See* Complaint, attached to Dkt. #1, at ¶ 12; Corporation Assignment of Deed of Trust Nevada, Ex. G to RJN.) BAC serviced only Debtor's first mortgage in the amount of $290,242, and not the additional loan.

### B.  Debtor Stopped Making his Mortgage Payments, and a Trustee's Sale of the Property was Noticed

Plaintiff admits that "[a]fter a time Debtor could not make the payments required by the mortgage loan terms and [defendants] declared a default on the loan agreement with Debtor." (Complaint, attached to Dkt. #1, at ¶ 57). In fact, Debtor stopped making payments on his first mortgage in April 2008. A Notice of Default and Election to Sell was recorded on March 1, 2010. (*See* Property Records, Ex. B to RJN.) When Debtor did not cure his default, a foreclosure

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

mediation was conducted, and the foreclosure mediation group issued and recorded a certificate. (*See* Property Records, Ex. B to RJN.) A Notice of Trustee's Sale was recorded on August 13, 2010. (Nevada Notice of Trustee's Sale, Ex. H to RJN; *see also* Property Records, Ex. B to RJN.) The trustee's sale of the subject property is currently scheduled for October 18, 2010.

Now, four years after executing the loan documents and more than two years after Debtor stopped making his mortgage payments, Plaintiff has sued everyone in the lending industry who may have touched Debtor's loan. The Complaint, a collection of bald assertions and legal conclusions that, even construed liberally, fails to state a claim, should be dismissed pursuant to Rule 12(b)(6). To do otherwise would allow Debtor to avoid his contractual obligations by blaming a loan servicer for Debtor's poor judgment and business decisions.

### III.    LEGAL ARGUMENT

#### A.    Legal Standard

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint must be pled showing plaintiff's entitlement to relief. This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1664-66 (2007) (internal quotations omitted); *see also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Factual allegations must be enough to raise a claim above the speculative level. *Bell Atlantic*, 127 S. Ct. at 1664-66 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §1216, at 235-36 (3d ed. 2004)). When faced with a motion to dismiss, the court must accept the well-pleaded factual allegations of the complaint as true, and reasonable inferences must be drawn in the plaintiff's favor. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

However, only "fair" inferences arising from the pleading must be accepted by the court. Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1261 (D. Nev. 2006); *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court is not required to accept as true allegations that are merely conclusory, "unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. Courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations,[3] and will not assume that plaintiff "can prove facts which [she has] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).

### B. Plaintiff's Third through Sixth Claims for Relief Are All Barred by the Applicable Statutes of Limitations

Plaintiff's claims for violation of Unfair Lending Practices Act (Third Claim for Relief), consumer fraud (Fourth Claim for Relief), fraud (Fifth Claim for Relief) and constructive fraud (Sixth Claim for Relief)[4] are *all* barred by the applicable statutes of limitations.

Actions not filed within the applicable limitations period are barred. NRS 11.010 ("Civil actions can only be commenced within the periods prescribed in this chapter...."). The limitations period for violation of the Unfair Lending Practices Act, consumer fraud, fraud and constructive fraud is 3 years. NRS 11.190(3)(a) (actions based "upon a liability created by statute, other than a penalty or forfeiture" must be brought within 3 years); NRS 11.190(3)(c) ("An action for taking, detaining or injuring personal property...."); *Stalk v.* Mushkin, 199 P.3d 838, 842, 125 Nev. Adv. Rep. 3 (Nev. 2009) (finding that claims for intentional interference with contractual relations are claims for injury to personal property and are therefore subject to the three-year statute of limitations in NRS 11.190(3)(c)); NRS 11.190(3)(d) ("an action for relief on the ground of fraud or mistake" may only be commenced within 3 years).

When the defense of the statute of limitations appears on the face of the complaint, a motion to dismiss for failure to state a claim is proper. *Kellar v. Snowden*, 87 Nev. 488, 491, 489 P.2d 90, 92 (1971). Plaintiff admits the loans closed in December 2006 (Complaint, attached to

---

[3] *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *accord Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[4] As Plaintiff's first, second and ninth claims for relief are not directed at BAC, the many shortcomings of these claims are not addressed in this Motion.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

Dkt. #1, at ¶ 43), and all the wrongful acts complained of concern statements made at or around the time Debtor entered into a loan transaction regarding his loans, the terms of the loans or Debtor's ability to afford the loans. (*See generally*, Complaint, attached to Dkt. #1, at ¶¶ 21-48; *see specifically* Complaint, attached to Dkt. #1, at ¶¶ 70-77 (re unfair lending practices), ¶¶ 80-83 (re consumer fraud), ¶¶ 86-96 (re fraud), ¶¶ 104-107, 109-110 (re constructive fraud).) Debtor's causes of action therefore accrued in December 2006. Indeed, Plaintiff repeatedly alleges that the purported omissions and misstatements were apparent "on the face of the documents," thereby foreclosing any application of the equitable tolling doctrine. (*See e.g.,* Complaint, attached to Dkt. #1, at ¶¶ 47, 55, 89, 94, 106.)

According to Plaintiff's own allegations, Debtor knew or should have known the alleged bases of his causes of action at the time his loans closed in December 2006. Thus, the limitations period for Plaintiff's claims for unfair lending practices, consumer fraud, fraud and constructive fraud expired in December 2009. Plaintiff initiated this action with the filing of a complaint on August 16, 2010.

Because the limitation period for Plaintiff's third, fourth, fifth and sixth claims for relief passed months before Plaintiff filed her Complaint, these claims should be dismissed as time-barred.

C.   **Plaintiff Fails To State A Claim For Violation Of The Unfair Lending Practices Act, NRS 598D (Count 3)**

In addition to being barred by the applicable statute of limitations, Plaintiff's third claim for relief for unfair lending practices fails to state a claim under both: (1) the 2003 version of the Unfair Lending Practices Act that was in effect when Debtor signed his loan in December 2006 (the "2003 Act") and (2) the version of the Act that became effective in October 2007.[5] Because Plaintiff is required to plead facts that would entitle her to relief under the Act, Plaintiff's claim for violation of the Unfair Lending Practices Act must be dismissed.

///

---

[5] As discussed below, the 2007 amendments to the act operate prospectively, not retroactively, because there is no evidence from either the language of the 2007 amendments or its legislative theory indicating that the legislature intended a retroactive application.

### 1. *Plaintiff fails to identify how BAC violated the applicable version of the Act.*

NRS 598D.100(1)(b) of the 2003 Act provides in relevant part as follows:

> It is an unfair lending practice for a lender to . . . [k]nowingly or intentionally make a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets, including, without limitation, income.

Plaintiff fails to allege that the subject loan was a "home loan" as defined by both versions of the Act. The 2003 Act defined a "home loan" as a "consumer credit transaction" that (1) "is secured by a mortgage loan which involves real property located within [Nevada]" and (2) "[c]onstitutes a mortgage under §152 of the Home Ownership and Equity Protection Act of 1994" ["HOEPA"] and the regulations adopted pursuant to HOEPA, including 12 C.F.R. §226.32. NRS 598D.040 (2005). The 2007 amendments left this definition intact with regard to the requirement that the loan constitute a "mortgage" under HOEPA.[6]

Plaintiff also fails to allege that the subject loan is a "mortgage" under HOEPA, as required by both the 2003 Act and the 2007 amendments.[7] Plaintiff does not allege that Debtor's loans met this requirement because she cannot. "That federal statute referenced in § 598D.040 specifically excluded 'residential mortgage transactions,' which are based on a purchase money loan, from the definition of the residential mortgage transactions to which HOEPA applies." *Simon v. Bank of Am., N.A.*, Case No. 10-cv-00300-GMN, 2010 U.S. Dist. LEXIS 63480, at *20 (D. Nev. June 23, 2010) (Navarro, J.) (Ex. O to RJN) (dismissing a claim for unfair lending practices under NRS 598D.040 because the plaintiff's residential mortgage transaction was specifically excluded from the statute). Debtor's residential mortgage transaction is specifically excluded from coverage as a "mortgage" under HOEPA, and this same exclusion is incorporated

---

[6] The amended version of the act defined "home loan" to "include, *without limitation*, a consumer credit transaction that constitutes" a HOEPA mortgage. 2007 Nev. Stat., ch. 492, § 1, at 2846 (codified as amended at NRS 598D.040).

[7] Section 152 of HOEPA defines a "mortgage" in pertinent part as "a consumer credit transaction that is secured by the consumer's principal dwelling, **other than a residential mortgage transaction . . .**" in which either (1) "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor" or "the total point and fees payable by the consumer at or before the closing will exceed the greater of (i) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. §1602 (aa)(1) (emphasis added).

in NRS 598D.040. Accordingly, Plaintiff fails to state a claim under NRS 598D.

### 2. The October 2007 amendments to the law do not apply to Debtor's December 2006 loan.

A retroactive statute "is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937-38 (9th Cir. 2007) (quoting *Myers v. Philip Morris Cos.*, 50 P.3d 751, 757-58 (Cal. 2002)). The Nevada Supreme Court generally presumes that newly enacted statutes apply prospectively only, unless the legislature clearly indicates that they should apply retroactively, or the legislature's intent cannot otherwise be met. *Valdez v. Emplrs Ins. Co.*, 162 P.3d 148, 154 (2007) (en banc). Here, the 2007 amendments were not effective until October 2007 and do not contain any express retroactivity language. *See Simon*, 2010 U.S. Dist. LEXIS, at *21 (Ex. O to RJN) (stating in reference to NRS 598D.040, "statutes are presumed to operate only prospectively, and there is no evidence of statutory intent to the contrary….").

Despite the amendments' prospective application, Plaintiff appears to seek a retroactive application of the 2007 amendments. (*See, e.g.,* Complaint, attached to Dkt. #1, at ¶ 74.) As noted above, Plaintiff provides no facts to support any type of allegation that the loan was based solely on Debtor's equity in the house (required by both the 2003 and 2007 versions of the Act). Second, Plaintiff fails to allege (and, indeed, cannot allege) that Debtor's loan, as a residential mortgage transaction, qualified as a HOEPA mortgage (also required by both versions of the Act). Finally, Plaintiff makes allegations based on provisions of the Act that were added by the 2007 amendments, including the requirement that the defendants were supposed to verify Debtor's ability to repay the loan. (*See* Complaint, attached to Dkt. #1, at ¶¶ 34-37, 74.) Based on the plain language of the Act, such retroactive application of the 2007 amendments to Debtor's December 2006 loan would be improper. *See Larson,* 680 F. Supp. 2d at 1237 (dismissing a claim for unfair lending practices where the 2007 amendments did not apply, stating, "Because Plaintiffs address the statute only as amended in 2007—and only in conclusory fashion—they fail to state a viable claim under NRS 598D.")

Because the 2003 version of the Act applies to Debtor's loans, and due to Plaintiff's failure

and inability to adequately plead a claim for relief under the applicable version of the Act, Plaintiff's third claim for violation of the Unfair Lending Practices Act fails as a matter of law and must be dismissed.

### D. Plaintiff Fails to State a Claim for Consumer Fraud (Count 4)

In addition to being time-barred (*see* section III(B), *supra*), Plaintiff's fourth claim for relief for consumer fraud fails to satisfy the applicable pleading standard.

Continuing the kitchen sink approach to pleading, Plaintiff alleges, without specification, that BAC (among others) violated "one or more provisions" of the Nevada Consumer Fraud Act, "including, but not limited to" eleven different named statutes. (Complaint, attached to Dkt. #1, at ¶ 82.) Plaintiff then asserts that various different defendants breached any one or all of these statutes because, "as previously alleged [they] performed acts and omitted performing acts." *Id.* Plaintiff does not identify which defendant breached which statute, what specific conduct constituted the violation, when the conduct occurred, or which defendant should be liable for that conduct. As such, Plaintiff's allegations would fail even the liberal pleading standard of Rule 8, not to mention the heightened standard under Rule 9(b) for pleading fraud, and this claim should be dismissed on that basis alone. *See Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (to plead with particularity, plaintiff must include in the complaint the "time, place, and content of [the] alleged misrepresentation.").

Not that "particularity" could rescue this claim. Out of the eleven statutes Plaintiff enumerates, all but two apply specifically to the sale or lease of goods or services, *not* to home loans or mortgages, and thus have no application to the allegations of the Complaint. *See* NRS 598.0915(2), (5), (7), (9), (13), (14) and NRS 598.0917(2), (6), (7).[8] Plaintiff also accuses BAC of violating NRS 598.0915(16), which only applies to retail installment transactions and is, therefore, also irrelevant.

The only statute not clearly inapplicable on its face, NRS 598.0915(15), bears, upon closer inspection, no relation to BAC as it concerns an entity that "[k]nowingly makes any other false representation in a transaction." Plaintiff, of course, does not identify *any specific* representation

---

[8] Moreover, NRS 598.0917 expressly applies only to "bait and switch advertising," which is likewise irrelevant.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

1 by BAC. On the contrary, Plaintiff merely alleges that various unspecified (and misidentified) defendants "as previously alleged, performed acts and omitted performing acts." (Complaint, attached to Dkt. #1, at ¶ 82.) Not that the "previous allegations" provide any additional insight. Plaintiff alleges that BAC "should have known, that Debtor was likely to default" and BAC "should have known that [various disclosure documents] were defective on their face." (Complaint, attached to Dkt. #1, at ¶¶ 54-55.) Plaintiff, however, does not allege how such failures constitute a knowing misrepresentation.

As Plaintiff's fourth claim for consumer fraud cannot be advanced under any of the cited statutes, this claim fails as a matter of law.

### E. Plaintiff Fails to State a Claim for Fraud, Constructive Fraud and Negligent Misrepresentation (Counts 5, 6, and 7)

In addition to her claims for fraud and constructive fraud being barred by the applicable statute of limitations (*see* Section III(B), *supra*), Plaintiff's fifth through seventh claims for fraud, constructive fraud and negligent misrepresentation necessarily fail because Plaintiff does not plead fraud with particularity.

#### 1. *Plaintiff's fraud claims are not pled with particularity, as required by F.R.C.P. 9(b).*

Rule 9(b), provides that all "circumstances constituting the fraud . . . shall be stated with particularity." *See Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir.1999). Averments of fraud must be specific enough to put a defendant on notice of the particular misconduct the defendant is alleged to have committed in order to properly defend against the allegations. *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). Thus, a plaintiff is required to plead facts as to *time, place* and *substance of the fraud*, specifically detail the defendant's allegedly *wrongful acts*, including *when* they occurred and *who* engaged in the misconduct. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-49 (9th Cir. 1994). Furthermore, "[i]t is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Henry v. Lehman Commer. Paper, Inc.*, 417, F.3d 977, 998 (9th Cir. 2005); *see also Larson*, 630 F. Supp. 2d at 1235 (dismissing claim for negligent misrepresentation against lender

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

and successor in interest where plaintiff failed to plead "who made the fraudulent statements, when the statements were made, or where they were made.").

Plaintiff's allegations of fraud, constructive fraud and negligent misrepresentation amount to nothing more than general allegations that the three named and other unnamed defendants in this action intentionally misrepresented, negligently misrepresented or failed to present information to Debtor regarding the suitability of his loans. (*See* Complaint, attached to Dkt. #1, at ¶¶ 86-87, 93-94, 100-101, 105-107, 110, 116.) Despite repeated statements as to how blatant the various misstatements on the loan documents allegedly were, Plaintiff does not attempt to identify what information BAC specifically misrepresented or omitted, what statements on the loan documents were allegedly incorrect, when the statements were made or omitted, the manner of the alleged misrepresentations, or the identity of the defendant that withheld or misrepresented the various pieces of purported misinformation. (*See id.*) Plaintiff, therefore, does not provide sufficient notice to BAC as to the nature and basis of her claims for fraud, constructive fraud and negligent misrepresentation. It is also unclear whether Plaintiff is making allegations against one defendant, all defendants, or every entity involved in the lending industry, whether named or not, because Plaintiff, as with other allegations, simply globs all the defendants' alleged wrongdoing together.

Because Plaintiff's allegations do not rise to the level required by Rule 9, Plaintiff's fifth, sixth and seventh claims for relief must be dismissed.

### 2. *Plaintiff fails to meet even the reduced pleading standard under Rocker*

Not only do Plaintiff's allegations fall short of the heightened pleading requirements of Rule 9(b), but Plaintiff's allegations also fail to meet the relaxed pleading standard Plaintiff promotes. Plaintiff alleges that her conclusory fraud and misrepresentation claims are pled "based on the information available to Plaintiff" and complains that she cannot offer more specifics because, "the information to identify more specifically additional fraudulent conduct is among the Defendants." (Complaint, attached to Dkt. #1, at ¶¶ 97, 108.) As a result, Plaintiff cites *Rocker v. KPMG, LLP*, which permits a relaxed pleading standard for fraud with respect to matters within the opposing parties' knowledge. 122 Nev. 1185, 1194, 148 P.3d 703, 802 (2006) (citing the interpretation of Rule 9(b) as stated in *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Despite Plaintiff's insistence, this case is not an appropriate application of *Rocker's* relaxed pleading standard. *Rocker* only applies where "the information and documents are *solely* in the defendant's possession and cannot be secured without formal, legal discovery." *Id.* (emphasis added).[9] Plaintiff bases her entire ten-count Complaint on perceived misrepresentations and inconsistencies about *Debtor's finances* and *Debtor's loan terms* in loan documents *Debtor signed*. Although Plaintiff requests a lesser pleading standard to identify "*additional* fraudulent conduct," the Complaint never specifies any *actual* fraudulent conduct. Plaintiff does, however, repeatedly mention the "inconsistencies and irregularities apparent on the face of the loan documents." (Complaint, attached to Dkt. #1, at ¶¶ 47, 55, 89, 94, 106.) Yet if the inconsistencies and defects were so apparent, it begs the question why Plaintiff consistently fails to identify a single inconsistency or defect in the documents. The only conclusion that can be drawn is that the Complaint was filed with the hope that later discovery might produce an actual fact that would support Plaintiff's vague allegations. That is improper.[10]

As Plaintiff's fraud, constructive fraud and negligent misrepresentation claims fail to meet the particularity requirements of Rule 9(b), even under the *Rocker* standard, they must be dismissed.

### 3. *Plaintiff's fraud claim fails as a matter of law.*

Even had Plaintiff pled fraud with particularity, Plaintiff's fraud claim still fails as a matter of law. To establish fraud, Plaintiff must allege, *with specificity*, that: (1) BAC provided a false representation of a material fact, which it knew to be false; (2) BAC intended Debtor to rely on the misrepresentation; (3) Debtor detrimentally relied on the misrepresentation; and (4) the

---

[9] Moreover, when applying the relaxed standard under *Rocker*, "courts require the plaintiff to allege more than suspicious circumstances." *Rocker*, 122 Nev. at 1193. The complaint "must adduce **specific facts** supporting a **strong inference of fraud** or it will not satisfy even a relaxed pleading standard." *Id.* (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)) (emphasis added). Plaintiff's allegations of fraud and constructive fraud are the epitome of generalized allegations. The Complaint does not specify the time or nature of the alleged fraudulent acts. Likewise, the Complaint does not state any specific facts to indicate what the individual defendants allegedly did. These allegations do not create any inference of fraud, much less the "strong inference of fraud" required by *Rocker*. At a minimum, Plaintiff should know, and is required to allege, what false representations Debtor relied on in his decision to execute his loans.

[10] *See e.g., Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.").

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

misrepresentation proximately caused Debtor's damages. *Chen v. Nevada State Gaming Control Bd.*, 994 P.2d 1151, 1152 (Nev. 2000). Plaintiff fails to establish these required elements.

        a.      <u>There was no misrepresentation and no duty to make a representation.</u>

Plaintiff claims BAC should have known Debtor was likely to default under the loan agreement, failed to confirm the statements on the loan documents were true, failed to confirm that the statements on the loan documents were complete, failed to assure that errors in the documents were corrected, and failed to advise Debtor of those problems. (*See* Complaint, attached to Dkt. #1, at ¶¶ 86-96.) These are not "misrepresentations" that could support a fraud claim. To the extent Plaintiff is arguing fraudulent concealment or fraud by non-disclosure, Plaintiff must plead a duty on behalf of BAC to disclose the "facts" at issue. *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1417 (D. Nev. 1995) ("existence of a duty to disclose is an essential element of fraudulent concealment or fraud by non-disclosure"). "It is axiomatic that an individual may only be subject to liability for nondisclosure when [he is] under a duty to the other to exercise reasonable care to disclose the matter in question." *Id.* (internal quotation omitted). A loan servicer such as BAC does not owe a borrower a fiduciary duty or a duty of care. *See Quach v. Citimortgage, Inc.*, Case No. C09-05607, 2010 U.S. Dist. LEXIS 81995, at *24 (N.D. Cal. Aug. 12, 2010) ("[L]enders and loan servicers generally do not owe a legal duty to their borrowers."); *Marks v. Ocwen Loan Servicing*, Case No. 07-2133, 2009 U.S. Dist. LEXIS 35251, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract"); *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (loan servicer does not owe a duty to the borrower of loan it services).

As Plaintiff does not specify a single misrepresentation, fails to properly plead a duty to disclose, and could not make such a showing as a matter of law, Plaintiff's fraud claim fails.

        b.      <u>There was no causation or reliance as a matter of law.</u>

Plaintiff alleges that as a "direct and proximate result" of BAC's unidentified actions, "Debtor's loan on The Property was closed…[and] Debtor was induced to take loans that were inappropriate for their [*sic*] personal financial circumstances at the time, were [*sic*] misled

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

regarding the nature of the transaction, all of which contributed to Debtor's/Plaintiff's damages...." (Complaint, attached to Dkt. #1, at ¶ 100-101.)

Plaintiff never details BAC's alleged misstatements. Indeed, Debtor cannot have relied on any representations from BAC. BAC did not begin servicing the loans until after Debtor had accepted the benefits thereof, and thus was not involved in the origination of the loans. Thus, as a matter of law and common sense, BAC could not have induced Debtor to take the loans or close the transaction. Moreover, because Debtor had already accepted the benefits and obligations of the loans by the time BAC began servicing the loans, BAC cannot have caused Debtor any damage.

Plaintiff's fifth claim for fraud must accordingly be dismissed.

### 4. *Plaintiff fails to plead a constructive fraud claim against BAC as a matter of law.*

In addition to being time-barred (*see* section III(B), *supra*) and failing to be pled with the requisite specificity, Plaintiff's claim for constructive fraud also fails as a matter of law. "Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship." *Long v. Towne*, 98 Nev. 11, 13, 639 P.2d 528, 530 (Nev. 1982). As explained above, BAC was not in a fiduciary relationship with Debtor. The claim fails on that basis alone. Further, Plaintiff again fails to explain how any of her allegations implicate BAC. Consequently, none of those allegations can support a claim of constructive fraud against BAC. Plaintiff's sixth claim for constructive fraud must be dismissed.

### 5. *Plaintiff's negligent misrepresentation claim fails as a matter of law.*

In addition to being barred by the applicable statute of limitations (*see* section III(B), *supra*), Plaintiff fails to state a claim for negligent misrepresentation against BAC.

Negligent misrepresentation requires: "(1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). Similar to Plaintiff's claims for fraud and constructive fraud, Plaintiff's

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

allegations concerning negligent misrepresentation fail to specify the elements of a negligent misrepresentation claim. Plaintiff alleges that Debtor relied on BAC's unidentified representations "by, among other things, entering into the loan." (Complaint, attached to Dkt. #1, at ¶ 117.) Such allegations cannot support a claim against a loan servicer, such as BAC, which was not involved until after Debtor entered into the loan. Nor do Plaintiff's conclusory allegations explain what BAC's alleged misrepresentations were or how those misrepresentations caused Debtor harm.

Like the other fraud claims asserted in the Complaint, Plaintiff's seventh claim for negligent misrepresentation fails as a matter of law.

### F. Plaintiff Fails to State a Claim for Negligence (Count 8)

Plaintiff's eighth claim for negligence fails for the following reasons: (1) it is time-barred (*see* section III(B), *supra*); (2) it is insufficiently pled; (3) BAC does not owe Debtor a duty of care; and (4) the economic loss doctrine bars the claim.

#### *1.  Plaintiff fails to allege facts necessary to support the claim.*

Plaintiff's eighth claim for negligence is insufficiently pled. Plaintiff alleges only that BAC breached its duty of care by "conduct as explained hereinabove." (Complaint, attached to Dkt. #1, at ¶ 124.) The "conduct" referred to, however, is never specified in the Complaint, thereby failing even Rule 8's liberal pleading standard.

#### *2.  BAC does not owe Debtor the duty of care necessary to support a negligence claim.*

Negligence first requires that the defendant owe the plaintiff a duty a care. As discussed in detail above, courts have repeatedly held that a loan servicer like BAC does not owe a borrower a duty of care necessary to support a claim for negligence. *Quach,* 2010 U.S. District LEXIS 81995, at *24 ("[L]oan servicers generally do not owe a legal duty to their borrowers."); *Marks,* 2009 U.S. Dist. LEXIS 35251, at *7 ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract"); *Castaneda,* 687 F. Supp. 2d at 1198 (loan servicer does not owe a duty to the borrower of loan it services).

As Plaintiff does not allege any facts necessary to support a claim that BAC "exceeded the scope of [its] conventional role" or that BAC violated "a legal duty independent of the contract

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

itself," Plaintiff's negligence claim must be dismissed for failure to plead the requisite duty.

### 3. *Plaintiff's negligence claim is barred by the economic loss doctrine.*

Nevada law recognizes the economic loss doctrine, which precludes recovery in tort for purely economic losses. While the Nevada Supreme Court has not had occasion to apply the economic loss doctrine in the lender-borrower context, the United States District Court for the District of Nevada predicted that the Nevada Supreme Court would indeed apply the doctrine in the lender-borrower context. *Velasquez*, 2009 WL 2338852, at *5 ("Recovery for negligence in a contract dispute is barred by the economic loss doctrine" which applies in the lender-borrower context as well) (citing *Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004)). Thus, because Plaintiff's recovery under her negligence theory is purely economic, arising entirely out of what she concedes is a financial transaction, her eighth claim fails for this additional reason.

Plaintiff's eighth claim for negligence must be dismissed on these grounds.

### G. Plaintiff Fails to State a Claim For Civil Conspiracy (Count Ten)

A civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intended to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consol. Generator-Nevada, Inc. v. Cummings Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998). To state a claim for civil conspiracy, "the complaint must allege: 1) the formation and operation of the conspiracy; 2) the wrongful act or acts done pursuant thereto; and 3) the damage resulting from such act or acts." *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522, 1532 n.3 (D. Nev. 1989). A plaintiff must allege that defendants had a "purpose to harm," meaning an intentionally injurious act without justification, or an act done to benefit the defendants with the necessary consequence of public prejudice or the oppression of individuals. *Id.*

When a plaintiff alleges conspiracy to defraud, the complaint must meet the particularity standards of Rule 9(b) and must inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. American Home Products Corp.*, 202 F.R.D 638, 642 (D. Nev. 2001); *see also, Wasco Prod., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006); *Hartford Life*

*Insurance Co. v. Banks*, 2009 WL 863267, at *4-5 (S.D. Cal. 2009). Yet Plaintiff's conspiracy claim suffers from the same failure to adequately plead her cause of action as every other count in the Complaint.

Plaintiff strings together conclusory allegations reciting the bare elements of the claim, without once connecting an actual fact to the allegations. As recognized by the United States Supreme Court, such pleading is improper even under a Rule 8 standard. A complaint must allege more than mere labels, more than conclusions, more than a formulaic recitation of a cause of action's elements, and more than allegations based on pure speculation. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations"). Yet labels and conclusions unadorned by facts are all Plaintiff's conspiracy claim has to offer. For example:

- Plaintiff asserts the defendants had a "common plan and purpose to commit tortious acts against Debtor," but fails to assert what those acts might be. (Complaint, attached to Dkt. #1, at ¶ 140.)
- Plaintiff alleges that the defendants "work together to have Debtor close the subject loans through: fraud, misrepresentation, and to breach their duties and obligations" and that they "established a pattern and practice of conduct," but never mention what this pattern, conduct, or fraud consisted of. (Complaint, attached to Dkt. #1, at ¶ 142, 144.)
- Plaintiff alleges that Debtor was damaged by "one or more of the tortious acts carried out by a Defendant in furtherance of the Defendants [*sic*] common plan," but never specifies which defendant committed what act in furtherance of the unidentified plan. (Complaint, attached to Dkt. #1, at ¶ 143.)

Plaintiff's conspiracy claim does nothing but state the bare elements of the claim, and, therefore, fails to state a claim upon which relief may be granted. Plaintiff's tenth cause of action, along with all of the others asserted against BAC, must be dismissed.

///

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

552998.1

IV. **CONCLUSION**

For the reasons stated above, BAC respectfully requests that this Court dismiss Plaintiff's Complaint as alleged against BAC.

DATED this 30th day of September, 2010.

                LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
EMILY GUBLER CLARK, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
*Attorneys for Defendant BAC Home Loans Servicing, LP*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on counsel, listed below, on the 30th day of September 2010, through the court's electronic service system:

| | |
|---|---|
| Michael R. Hall, Esq.<br>Steven T. Jaffe, Esq.<br>Hall Jaffe & Clayton, LLP<br>7455 W. Washington Ave., Ste. 460<br>Las Vegas, NV 89128<br>Attorneys for Plaintiff | Robert D. Vannah, Esq.<br>Mark L. Jackson, Esq.<br>Vannah & Vannah<br>400 So. 4th Street, 6th Floor<br>Las Vegas, NV 89101<br>Attorneys for Plaintiff |
| G. Dallas Horton, Esq.<br>Monte Hall, Esq.<br>G. Dallas Horton & Associates<br>4435 So. Eastern Avenue<br>Las Vegas, NV 89119<br>Attorneys for Plaintiff | Jay Earl Smith, Esq.<br>Jordan J. Butler, Esq.<br>Smith Larsen & Wixom<br>Hills Center Business Park<br>1935 Village Center Circle<br>Las Vegas, NV 89134<br>Attorneys for EMC Mortgage Corporation |

_/s/ [signature]_
An employee of Lewis and Roca LLP