1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6                                        )
   YVETTE WEINSTEIN, Chapter 7 Trustee )
7  of the Ariel Jaime Bankruptcy Estate, )
                                         )
8            Plaintiff,                   )        2:10-CV-01551-PMP-PAL
                                         )        BASE FILE
9  v.                                    )
                                         )        2:10-CV-1562-PMP-LRL
10 MORTGAGE CAPITAL ASSOCIATES,          )
   INC.; EMC MORTGAGE                     )
11 CORPORATION; and BAC HOME             )
   LOANS SERVICING, LP,                   )        ORDER
12                                       )
             Defendants.                  )
13 _____)

14          Presently before the Court is Defendant BAC Home Loans Servicing, LP's

15 Motion to Dismiss (Doc. #12), filed on September 30, 2010.  Plaintiff filed an Opposition

16 (Doc. #28) on October 26, 2010, and an Errata (Doc. #31) on November 2, 2010.

17 Defendant filed a Reply (Doc. #33) on November 5, 2010.

18          Also before the Court is Defendant Mortgage Capital Associates, Inc.'s Motion

19 to Dismiss Plaintiff's Complaint (Doc. #14), filed on September 30, 2010.  Plaintiff filed an

20 Opposition (Doc. #25) on October 18, 2010.  Defendant filed a Reply (Doc. #29) on

21 October 28, 2010.

22          Also before the Court is Plaintiff's Motion to Remand (Doc. #16), filed on

23 October 8, 2010.  Defendant BAC Home Loans Servicing, LP filed an Opposition (Doc.

24 #26) on October 25, 2010.  Defendant EMC Mortgage Corporation filed a Joinder in the

25 Opposition (Doc. #27) on October 25, 2010.  Plaintiff filed a Reply (Doc. #32) on

26 November 4, 2010.

1    Also before the Court is Defendant EMC Mortgage Corporation's Motion to

2  Dismiss Plaintiff's Complaint (Doc. #23), filed on October 15, 2010.  Plaintiff filed an

3  Opposition (Doc. #30) on November 1, 2010.  Defendant filed a Reply (Doc. #36) on

4  November 12, 2010.

5  **I. BACKGROUND**

6    Plaintiff Yvette Weinstein is the trustee of the bankruptcy estate of Ariel Jaime

7  ("Jaime"), who filed for bankruptcy in September 2008.  (Pet. for Removal (Doc. #1),

8  Compl. at 3.)  In late 2006, Jaime acquired real property in Clark County, Nevada at the

9  address 8039 Anasazi Ranch Avenue.  (Id. at 5.)  Plaintiff alleges that in connection with

10  the acquisition of two loans to purchase the property, the mortgage broker, who is not

11  currently named as a defendant in this action, submitted to Defendant Mortgage Capital

12  Associates, Inc. ("Mortgage Capital") documents which contained erroneous factual

13  statements about Jaime, or which omitted material information.  (Id. at 6-7.)  Plaintiff

14  alleges the mortgage company did not take reasonable commercial steps to confirm the

15  statements in the loan documents were true and complete, and failed to identify and correct

16  errors.  (Id. at 7.)  Plaintiff alleges Mortgage Capital knew or should have known of these

17  errors and omissions, and failed to take commercially reasonable steps to assure these errors

18  and omissions were detected and corrected.  (Id.)  According to the Complaint, Mortgage

19  Capital knew or should have known that Jaime could not reasonably repay the loan under

20  the loan agreement's terms.  (Id. at 8.)  Plaintiff further alleges that Mortgage Capital and

21  the mortgage broker did not inform Jaime of the loan's material provisions, including the

22  loan's terms, the consequences of entering into the loan, available alternatives, and Jaime's

23  right to rescind.  (Id. at 8-9.)

24    The loan closed on December 14, 2006.  (Id. at 9.)  Plaintiff contends that Jaime

25  was not provided with certain documents, including the Residential Purchase Contract,

26  disclosure documents, 1003 loan applications, title report documents, an appraisal, a 1008

Form, a good faith estimate, escrow instructions, HUD documents, and title documents. (Id. at 10.)  According to the Complaint, these documents failed to fully disclose the loans' terms, the applicable interest rates, and the highest possible interest rate that could be charged on the loans, and these documents were "defective on their face."  (Id.)

Following the closing, Mortgage Capital had the loans rated by an unidentified "Rating Company," and sold the loans to the "Mortgage Purchaser Company."  (Id. at 11.) The Complaint identifies both Defendant EMC Mortgage Corporation ("EMC") and BAC Home Loans Servicing, LP as "Mortgage Purchaser Company," but does not specify which of these Defendants purchased which of Jaime's two loans.  Plaintiff alleges that prior to purchasing the loans, the Mortgage Purchaser Companies knew or should have know that the Rating Company's rating was unreliable, that Jaime was likely to default on the loans, and that the related loan documents were "defective on their face."  (Id. at 11.)

Jaime defaulted on the loan, and the "Mortgage Purchaser Company" foreclosed on the property.  (Id. at 12.)  Plaintiff alleges the property was sold at auction.  (Id.)

Plaintiff thereafter brought this action in Nevada state court, asserting against Mortgage Capital claims for breach of contract (count one), breach of the covenant of good faith and fair dealing (count two), and tortious interference with contract (count nine). Plaintiff asserts against Mortgage Capital, EMC, and BAC claims for violation of Nevada Revised Statutes regarding unfair lending practices (count three), consumer fraud under Nevada deceptive trade practices law (count four), fraud (count five), constructive fraud (count six), negligent misrepresentation (count seven), negligence (count eight), and civil conspiracy (count ten).  Defendants removed the action to this Court based on diversity and federal question jurisdiction.  (2:10-CV-01551-PMP-PAL, Pet. for Removal; 2:10-CV-01562-PMP-LRL, Pet. for Removal (Doc. #1).)

Plaintiff now moves to remand.  Defendants move to dismiss the Complaint on various grounds.

## II.  MOTION TO REMAND (Doc. #16)

Plaintiff moves to remand, asserting this Court lacks subject matter jurisdiction. Plaintiff contends that diversity jurisdiction does not exist because she intends to name as a defendant the mortgage broker, who she suspects is a Nevada resident.  Plaintiff also contends federal question jurisdiction does not exist because Plaintiff pled her Complaint to assert only state law claims.  Defendants respond that diversity jurisdiction presently exists between the named parties to this action.  Defendants also argue Plaintiffs' claims necessarily rely upon federal law, as they relate to disclosures at closing required under federal law.

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

As the Complaint currently is pled, Plaintiff concedes complete diversity exists, as Plaintiff and Jaime are Nevada citizens, and each Defendant is not a Nevada citizen. Plaintiff also does not dispute that given the amounts of the mortgages, more than $75,000 is in dispute.  This Court therefore has diversity jurisdiction.  Plaintiff's stated intent to name another party whom Plaintiff suspects, but does not know, might be a Nevada citizen does not deprive the Court of jurisdiction.  The Court will deny Plaintiff's motion to remand.

## III.  BAC'S MOTION TO DISMISS (Doc. #12)

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation

4

omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.   Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id. at 555.

## A.  Failure to State a Claim - Count Three

BAC argues Plaintiff fails to state a claim under Nevada Revised Statutes § 598D.100(1)(b) because the statute does not apply to residential mortgage transactions, which are statutorily defined as purchase money loans such as Plaintiff's loans on the subject property.  Plaintiff responds that even if the statute does not explicitly cover Plaintiff's claims, the legislative history suggests subprime lenders owe a duty to borrowers.

Section 598D.100(1)(b) as it existed in 2003 provided:

> It is an unfair lending practice for a lender to . . . [k]nowingly or intentionally make a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets, including, without limitation, income.

Section 598D.100(1)(b) was amended in 2007 to state:

> It is an unfair lending practice for a lender to . . . [k]nowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no-document home loan or stated-document home loan, without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan.

Section 598D.040 of the 2003 Act defined "home loan" as:

> a consumer credit transaction that:
> 1. Is secured by a mortgage loan which involves real property located within this State; and

2.  Constitutes a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(aa), and the regulations adopted by the Board of Governors of the Federal Reserve System pursuant thereto, including, without limitation, 12 C.F.R. § 226.32.

The 2007 version contains the same definition.[1]

Section 152 of the Home Ownership and Equity Protection Act of 1994 ("HOEPA") defines a mortgage as "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan . . . ."  15 U.S.C. § 1602(aa).  The HOEPA excludes "residential mortgage transaction" from the definition of "mortgage."  A residential mortgage transaction is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  15 U.S.C. § 1602(w).

Here, Plaintiff's loans were taken against his dwelling[2] to finance the purchase of the residence.  Therefore, regardless of whether Plaintiff's claim arises under the 2003 or 2007 version of the Act, the loans are residential mortgage transactions as defined by the HOEPA, are therefore not "mortgages" under HOEPA, and as a result are excluded from the definition of mortgage under § 598D.040.  Accordingly, Plaintiff's loans are not qualified as home loans under § 598D.100(1)(b), and Plaintiff has no claim under that

---

[1]  Defining a home loan as "a consumer credit transaction that is secured by a mortgage loan which involves real property located within this State and includes, without limitation, a consumer credit transaction that constitutes a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(aa), and the regulations adopted by the Board of Governors of the Federal Reserve System pursuant thereto, including, without limitation, 12 C.F.R. § 226.32."

[2]  Plaintiff does not explicitly allege this property was Jaime's dwelling, however, in listing the injuries Jaime suffered, Plaintiff includes the "costs of changing residence, including of moving personal property and utility deposits."  (Compl. at 12.)

1   statute.  The Court therefore will dismiss this claim with prejudice.

2   **B.  Failure to State a Claim - Count Four**

3          BAC argues Plaintiff fails to plead violation of the consumer fraud statutes with

4   particularity.  BAC also argues that even if Plaintiff could plead with particularity, the

5   Nevada Deceptive Trade Practices Act to which Plaintiff refers does not apply to home

6   loans.  Plaintiff responds that Nevada Revised Statutes § 598.0915 makes it a deceptive

7   trade practice to knowingly make a false representation in a transaction.  Plaintiff contends

8   that the parties who dealt with Jaime regarding the loan misrepresented to him the loan's

9   terms and his ability to repay the loan.  Plaintiff argues that as a co-conspirator, BAC is

10  liable for the misrepresentations made to Jaime by other parties.

11         Pursuant to Nevada Revised Statutes § 598.0915(15), it is a deceptive trade

12  practice to "[k]nowingly make[] any . . . false representation in a transaction" in the course

13  of the defendant's business or occupation.  Federal Rule of Civil Procedure 9(b) requires

14  that "the circumstances constituting fraud or mistake shall be stated with particularity" in

15  the complaint.  To satisfy this burden, the complaint "'must set forth more than the neutral

16  facts necessary to identify the transaction.'"  Yourish v. Cal. Amplifier, 191 F.3d 983, 993

17  (9th Cir. 1999) (footnote omitted) (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1548

18  (9th Cir. 1994) (en banc)).  The "neutral facts" mean the "'time, place, and content of an

19  alleged misrepresentation.'"  Id. at 993 n.10 (quoting GlenFed, 42 F.3d at 1547-48).  In

20  addition to pleading these neutral facts, the plaintiff "'must set forth what is false or

21  misleading about a statement, and why it is false.  In other words, the plaintiff must set forth

22  an explanation as to why the statement or omission complained of was false or

23  misleading.'"  Id. (quoting GlenFed, 42 F.3d at 1548).  However, "[m]alice, intent,

24  knowledge, and other condition of mind of a person may be averred generally."  Fed. R.

25  Civ. P. 9(b).  Plaintiff's claim that BAC made a false representation sounds in fraud, and

26  therefore is subject to the particularity requirement.  In re Daou Sys., Inc., 11 F.3d 1006,

7

1027 (9th Cir. 2005).

Plaintiff has failed to allege consumer fraud with particularity.  Plaintiff groups all Defendants together, along with unnamed parties, without identifying which Defendant or non-party engaged in what conduct.  Plaintiff does not identify a single representation BAC allegedly made, to whom, when it was made, how it was communicated, or why it is false.  Plaintiff relies on conspiracy allegations to contend that the parties who made the alleged representations were BAC's co-conspirators.  However, as discussed below, Plaintiff fails to allege a conspiracy.

Moreover, this claim is barred by the statute of limitations.  Pursuant to Nevada Revised Statutes § 11.190(3)(a), Plaintiff had to bring this claim within three years.  To the extent Plaintiff identifies the substance of the alleged misrepresentations made to Jaime, those misrepresentations occurred prior to or at the time of closing in December 2006.  Consequently, Plaintiff had to bring this claim no later than December 2009.  However, Plaintiff did not initiate this action until August 2010.  Plaintiff's claim therefore is barred unless a tolling provision applies.

Plaintiff asserts the discovery rule tolls the limitations period.  Nevada recognizes the discovery rule, which tolls the statutory limitations period until "'the injured party discovers or reasonably should have discovered facts supporting a cause of action.'"  Bemis v. Estate of Bemis, 967 P.2d 437, 440 (Nev. 1998) (quoting Petersen v. Bruen, 792 P.2d 18, 20 (Nev. 1990)).  The discovery rule also applies to discovering the identity of the defendant.  Siragusa v. Brown, 971 P.2d 801, 807 (Nev. 1998).  Under the discovery rule, the plaintiff must exercise reasonable diligence to discover the existence of a cause of action.  Bemis, 967 P.2d at 440.  Whether the plaintiff exercised reasonable diligence is a question of fact for the fact finder.  Id.  Consequently, "[d]ismissal on statute of limitations grounds is only appropriate when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the facts giving rise to the cause of action."  Id.

(quotations omitted).

Here, Jaime avers that he did not discover BAC's alleged predatory lending practices until advised by his bankruptcy attorney in 2008.  However, Jaime further avers that upon reviewing the loan documents, he noticed they contained terms "that I had never heard of and would not have agreed to had I been informed of them."  (Opp'n (Doc. #28), Aff. of Ariel Jaime at 2.)  Further, the Complaint alleges the loan documents' deficiencies are apparent on their face.  Consequently, even if Jaime did not actually discover his claim until 2008, a review of his loan documents in December 2006 would have brought these alleged discrepancies to his attention.  Plaintiff therefore reasonably should have discovered this claim in December 2006.  The Court will dismiss this claim with prejudice.

### C.  Failure to State a Claim - Counts Five, Six, and Seven

BAC argues Plaintiff fails to allege fraud with particularity.  BAC also argues Plaintiff fails to plead any representation BAC made, or any duty to disclose to support a fraud by omission theory.  BAC further contends Plaintiff cannot show reliance as a matter of law because, by the Complaint's allegations, BAC did nothing prior to the loan closing that would have induced Jaime to enter into the loan agreement.  BAC argues that Plaintiff fails to state a claim for constructive fraud because BAC was not in a fiduciary relationship with Jaime.  Plaintiff responds that she adequately has alleged BAC failed to verify false and inconsistent information that was apparent from the face of the loan documents.  Plaintiff also argues that as a co-conspirator, BAC is liable for the actions of whoever represented to Jaime that he could repay the loans.  Plaintiff contends the Court should relax the pleading standard where, as here, the facts are peculiarly within Defendants' knowledge or possession.

#### 1.  Fraud - Count Five

Under Nevada law, a plaintiff asserting a fraud claim must prove that (1) the defendant made a false representation (2) knowing or believing that the representation was

false (or lacking a sufficient basis for making the representation), (3) intending to induce

the plaintiff to act or to refrain from acting in reliance on the misrepresentation; (4) the

plaintiff justifiably relied on the misrepresentation; and (5) damage to the plaintiff resulted

from such reliance.  Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 957-58 (Nev. 1998).

The plaintiff must make this showing by clear and convincing evidence.  Id.

As stated previously, Plaintiff has failed to allege with particularity any false

representation made by BAC and groups all Defendants together without distinguishing

who did what, when, and why any representations made were false.  Although Plaintiff

asserts the deficiencies in the loan documents are apparent on the face of those documents,

Plaintiff does not identify a single instance of such alleged deficiencies.  Additionally,

because the Complaint alleges BAC did not become involved with Jaime's loan until after

Jaime entered into the loan agreements, Jaime could not have relied on any representation

by BAC when deciding whether to enter into the loans.  To the extent Plaintiff relies upon

any representations made by BAC's alleged co-conspirators, Plaintiff fails to allege a

conspiracy.

Moreover, this claim is barred by the statute of limitations.  Pursuant to Nevada

Revised Statutes § 11.190(3)(d), Plaintiff had to bring this claim within three years.  As

stated above, to the extent Plaintiff identifies the substance of the alleged

misrepresentations made to Jaime, those misrepresentations occurred prior to or at the time

of closing in December 2006.  Consequently, Plaintiff had to bring this claim no later than

December 2009.  However, Plaintiff did not initiate this action until August 2010.  The

discovery rule does not save Plaintiff's claim because even if Jaime did not actually

discover his claim until 2008, a review of his loan documents in December 2006 would

have brought these alleged discrepancies to his attention.  Plaintiff therefore reasonably

should have discovered this claim in December 2006.  The Court will dismiss this claim

with prejudice.

### 2.  Constructive Fraud - Count Six

Under Nevada law, constructive fraud is "the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence."  Perry v. Jordan, 900 P.2d 335, 337 (Nev. 1995). "Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship."  Id.  A confidential relationship exists "when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." Id.  Absent other facts, such as a familial relationship, a lender or loan servicer generally owes no duty to a borrower beyond contractual obligations.  Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007).

Plaintiff fails to allege facts supporting a confidential relationship between Jaime and BAC.  Plaintiff alleges BAC purchased and/or serviced Jaime's loan, which does not give rise to a confidential relationship.  Plaintiff alleges no other facts which would support a confidential relationship between BAC and Jaime.

Moreover, this claim is barred by the statute of limitations.  Pursuant to Nevada Revised Statutes § 11.190(3)(d), Plaintiff had to bring this claim within three years.  As stated above, to the extent Plaintiff identifies the substance of the alleged misrepresentations made to Jaime, those misrepresentations occurred prior to or at the time of closing in December 2006.  Consequently, Plaintiff had to bring this claim no later than December 2009.  However, Plaintiff did not initiate this action until August 2010.  The discovery rule does not save Plaintiff's claim because even if Jaime did not actually discover his claim until 2008, a review of his loan documents in December 2006 would have brought these alleged discrepancies to his attention.  Plaintiff therefore reasonably should have discovered this claim in December 2006.  The Court will dismiss this claim

1    with prejudice.

2                   3.  Negligent Misrepresentation - Count Seven

3            Nevada follows the definition in Restatement (Second) of Torts § 552 for

4    negligent misrepresentation:

5            One who, in the course of his business, profession or employment, or
             in any other action in which he has a pecuniary interest, supplies false
6            information for the guidance of others in their business transactions, is
             subject to liability for pecuniary loss caused to them by their justifiable
7            reliance upon the information, if he fails to exercise reasonable care or
             competence in obtaining or communicating the information.

8

9    Scaffidi v. United Nissan, 425 F. Supp. 2d 1159, 1169-70 (D. Nev. 2005).  "The difference

10   between fraud and negligent misrepresentation is that a negligent misrepresentation is made

11   without a reasonable basis for believing its truthfulness."  Id.  Nevada also recognizes

12   negligent misrepresentation by omission where the defendant had a duty to speak.  In re

13   Agribiotech, Inc., 291 F. Supp. 2d 1186, 1191-92 (D. Nev. 2003).  Such a duty exists where

14   there is a special relationship between the parties.  Id.

15           As with Plaintiff's fraud claim, Plaintiff has failed to allege with particularity any

16   false representation made by BAC and groups all Defendants together without identifying

17   any specific representation, who made it, when and where it was made, and why it was

18   false.  Additionally, because the Complaint alleges BAC did not become involved with

19   Jaime's loan until after Jaime entered into the loan agreements, Jaime could not have relied

20   on any representation by BAC when deciding whether to enter into the loans.  To the extent

21   Plaintiff relies upon any representations made by BAC's alleged co-conspirators, Plaintiff

22   fails to allege a conspiracy.

23           Moreover, this claim is barred by the statute of limitations.  Pursuant to Nevada

24   Revised Statutes § 11.190(3)(d), Plaintiff had to bring this claim within three years.  As

25   stated above, to the extent Plaintiff identifies the substance of the alleged

26   misrepresentations made to Jaime, those misrepresentations occurred prior to or at the time

                                                12

of closing in December 2006.  Consequently, Plaintiff had to bring this claim no later than December 2009.  However, Plaintiff did not initiate this action until August 2010.  The discovery rule does not save Plaintiff's claim because even if Jaime did not actually discover his claim until 2008, a review of his loan documents in December 2006 would have brought these alleged discrepancies to his attention.  Plaintiff therefore reasonably should have discovered this claim in December 2006.  The Court will dismiss this claim with prejudice.

### D.  Negligence - Count Eight

BAC argues Plaintiff fails to state a negligence claim because BAC owed no duty to Plaintiff and a negligence claim is barred by the economic loss doctrine.  Plaintiff responds that the mortgage broker acted as the lender's agent, and thereby acted as the agent for subsequent purchasers or loan services as well.  Plaintiff contends Jaime placed confidence in the mortgage broker and a special relationship thereby existed between Jaime and BAC.  Plaintiff also argues that by purchasing the loan, BAC represented that it was an entity with superior knowledge and experience and would protect the interest of borrowers whose loans it was servicing.  As to the economic loss doctrine, Plaintiff argues that Jaime suffered emotional distress and thus his damages are not purely economic.

The Court will dismiss this claim because a loan servicer owes no duties to the borrower beyond those set out in the relevant agreements.  Because BAC owed no duty, Plaintiff fails to state a negligence claim as a matter of law.  See Butler ex rel. Biller v. Bayer, 168 P.3d 1055, 1063 (Nev. 2007) (listing duty as essential element of negligence claim).  The Court therefore will dismiss this claim with prejudice.

### F.  Civil Conspiracy - Count Ten

BAC argues Plaintiff fails to allege a conspiracy and fails to allege with particularity a conspiracy to defraud.  Plaintiff responds she adequately has alleged BAC was involved in a conspiracy to engage in predatory lending practices.

13

In Nevada, "'an actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.'" Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev. 1993) (quoting Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev. 1989)).  Use of a term such as conspiracy by itself is insufficient to survive a motion to dismiss, but may be sufficient if accompanied with specific allegations, such as identifying a written agreement giving rise to the conspiracy or alleging the conspirators "committed acts that are unlikely to have been undertaken without an agreement."  Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (quotation omitted); see also Twombly, 550 U.S. at 557.  A complaint for civil conspiracy must plead the "specific time, place, [and] person involved in the alleged conspiracies."  Twombly, 550 U.S. at 565 n.10 (holding the plaintiff's complaint was insufficient because it merely identified a general seven year period in which the conspiracy allegedly occurred without alleging a specific time, place, or person involved).

Plaintiff has failed to allege facts giving rise to a plausible entitlement to relief on a civil conspiracy claim.  The Complaint contains only conclusory allegations of a conspiracy involving BAC, Mortgage Capital, EMC, and unidentified other parties, including a mortgage broker, the mortgage broker company, and a ratings agency.  Plaintiff does not state when the conspiracy began or ended, the geographic scope of the conspiracy, what persons were involved, or any other facts supporting a meeting of the minds.  Plaintiff does not allege facts which suggest Defendants would not have acted as they did absent a conspiracy.  Plaintiff does not allege any facts at all, but rather sets forth conclusory allegations of conspiracy.

Moreover, a civil conspiracy is not an independent claim, and does not give rise to a cause of action unless a civil wrong has been committed resulting in damage.  Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety, 110 P.3d 30, 51 (Nev. 2005) (per

curiam) (stating that "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud"), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670, 672 n.6 (Nev. 2008).  The Court has dismissed all of Plaintiff's other claims against BAC with prejudice.  Plaintiff cannot circumvent the statute of limitations or other defects of the substantive claims by alleging conspiracy.  The Court therefore will dismiss this claim with prejudice as well.

**IV.  DEFENDANT MORTGAGE CAPITAL'S MOTION TO DISMISS (Doc. #14)**

      **A.  Breach of Contract - Count One**

Mortgage Capital argues Plaintiff fails to allege what the breach was, that the breach was material, that Mortgage Capital is responsible for the breach, or that Jaime did not breach the contract first.  Plaintiff responds that Jaime entered into a contract with the "broker/lender" to obtain financing he could afford, and the "broker/lender" breached that contract by offering him a mortgage he could not afford.  Plaintiff states that she does not know at this point whether Mortgage Capital acted as the broker, but concedes that if Mortgage Capital did not, this claim should be dismissed.

Plaintiff makes no allegations in the Complaint that Mortgage Capital was the broker.  The Complaint identifies Mortgage Capital as "Lender," and identifies the broker as an unknown person or entity.  The Court will dismiss this claim without prejudice.

      **B.  Breach of Covenant of Good Faith and Fair Dealing - Count Two**

Mortgage Capital argues Plaintiff does not identify what contract between Mortgage Capital and Jaime is at issue, who breached the covenant, or how the covenant was breached.  Plaintiff argues that the loan documents on their face contain deficiencies, inconsistencies, and misstatements which Mortgage Capital should have investigated to determine Jaime's ability to repay the loan, and its failure to do so violates the covenant.

Under Nevada law, every contract or agreement contains an implied promise of good faith and fair dealing.  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919,

923 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." Id. at 922-23. "Whether the controlling party's actions fall outside the reasonable expectations of the dependent party is determined by the various factors and special circumstances that shape these expectations." Id. at 923-24.

Plaintiff cites no authority for the proposition that a lender in an arms-length negotiation with a borrower breaches the covenant of good faith and fair dealing implied in a contract if it does not advise the borrower, prior to contract formation, as to whether entering into the loan is in the borrower's interest. Ordinarily, no special relationship exists between a lender and a borrower that would impose any such duty on Mortgage Capital. Plaintiff does not plead any facts that would suggest such a special relationship existed in this case. Plaintiff's Complaint does not identify any acts taken by Mortgage Capital following the contract's formation which would breach the covenant of good faith and fair dealing implied therein. The Court will dismiss this claim without prejudice.

### C. Unfair Lending Practices - Count Three

Mortgage Capital argues Plaintiff's loan does not fall within the statutory protection of Nevada's unfair lending practices statute. Plaintiff responds that the legislative history suggests subprime lenders owe a duty to borrowers. The Court's ruling on this claim with respect to BAC applies equally to Plaintiff's claim against Mortgage Capital. The Court will dismiss this claim with prejudice.

### D. Consumer Fraud - Count Four

Mortgage Capital argues Chapter 598 does not apply to a home loan or mortgage, Plaintiff failed to plead fraud with particularity, and Plaintiff's own allegations show Mortgage Capital did not receive accurate information on which to base its lending decision and thus it, not Jaime, was the victim of fraud. Plaintiff responds that Nevada case law

establishes Chapter 598 applies to real estate transactions and Mortgage Capital was involved in a conspiracy to engage in predatory loan practices.

Chapter 598 applies to "the deceptive sale of real property." Betsinger v. D.R. Horton, Inc., 232 P.3d 433, 436 n.4 (Nev. 2010). Although Mortgage Capital argues Betsinger applies only to real estate transactions, and not mortgages, Betsinger rejected the argument by a home builder and the home builder's financing division that Chapter 598 did not apply to the financing division's "bait and switch" of the offered mortgage rate as well as the builder's broken promise to return the plaintiff's deposit. Betsinger applied Chapter 598 to the home lender's conduct in offering to finance the plaintiff's purchase of the home. Thus, the Court rejects Mortgage Capital's argument that Chapter 598 categorically cannot apply to mortgage transactions.

However, as discussed with respect to BAC's motion, Plaintiff fails to allege this claim with particularity. Plaintiff does not allege which Defendant engaged in what conduct, when, and why it is fraudulent. Plaintiff cannot lump all Defendants together and make generalized and conclusory allegations to support a consumer fraud claim. Although Betsinger held that consumer fraud claims under Chapter 598 need not be proven by clear and convincing evidence, id. at 436, Plaintiff's consumer fraud claim here sounds in fraud and thus still must meet the particularity requirement of Rule 9(b). The Court therefore will dismiss this claim without prejudice.

**E. Fraud, Constructive Fraud, and Negligent Misrepresentation - Counts Five, Six, and Seven**

Mortgage Capital argues that Plaintiff fails to allege fraud or negligent misrepresentation with particularity, and Mortgage Capital owes no duty to Jaime supporting a constructive fraud claim. Plaintiff responds that a special relationship existed because Jaime placed trust in the broker and the lender to help him understand the loans' terms and whether he could afford to repay them. As to the fraud claim, Plaintiff argues

that the broker made representations to Jaime that he could afford the loan when that was not true.

As set forth above, Plaintiff fails to plead these claims with particularity.  Further, Mortgage Capital, as lender, ordinarily owes no duty to Jaime as the borrower, absent special circumstances.  As set forth above, Plaintiff does not plead any facts evincing a special relationship that would support a constructive fraud claim.  The Court therefore will dismiss these claims without prejudice.

### F.  Negligence - Count Eight

Mortgage Capital argues that no independent duty exists between Mortgage Capital and Jaime beyond the contract.  Plaintiff responds that a duty existed because Jaime placed trust in the broker to provide him with a loan he could afford.

As set forth above, a lender ordinarily owes no duty to a borrower, and Plaintiff has not pled any facts suggesting Mortgage Capital, as opposed to the broker, owed any duty to Jaime.  The Court therefore will dismiss this claim without prejudice.

### G.  Tortious Interference with Contract - Count Nine

Mortgage Capital argues this claim is barred by the statute of limitations, and Plaintiff has failed to allege who the third parties are or how Mortgage Capital knew or should have known of Jaime's contracts with these third parties.  Plaintiff concedes this claim should be dismissed.  The Court will dismiss this claim with prejudice.

### H.  Civil Conspiracy - Count Ten

The Court already has identified the pleading deficiencies associated with this claim.  The Court therefore will dismiss this claim without prejudice.

## V.  DEFENDANT EMC'S MOTION TO DISMISS (Doc. #23)

### A.  Unfair Lending Practices - Count Three

Defendant EMC argues this claim is barred by the two-year statute of limitations, Plaintiff fails to plead fraud with particularity, the statute does not apply to Plaintiff's

residential mortgage, and EMC is not a "lending institution" as set forth in the statute.  The Court's ruling on this claim with respect to BAC applies equally to Plaintiff's claim against Mortgage Capital.  The Court will dismiss this claim with prejudice.

### B.  Consumer Fraud - Count Four

EMC argues Plaintiff fails to allege this claim with particularity.  As set forth above with respect to BAC's and Mortgage Capital's motions, Plaintiff fails to plead this claim with particularity.  Plaintiff lumps all Defendants together and does not identify the particulars of the alleged fraud.  The Court will dismiss this claim without prejudice.

### C.  Fraud and Negligent Misrepresentation - Counts Five and Seven

EMC argues Plaintiff fails to plead fraud and negligent misrepresentation with particularity and the fraud claim is barred by the statute of limitations.  As set forth above with respect to BAC's and Mortgage Capital's motions, Plaintiff fails to plead fraud and negligent misrepresentation with particularity.  Moreover, the fraud claim is barred by the statute of limitations, as Plaintiff did not bring the claim within three years and the discovery rule does not toll the limitations period because Plaintiff reasonably should have discovered the alleged fraud in December 2006.  The Court therefore will dismiss the fraud claim with prejudice, and will dismiss the negligent misrepresentation claim without prejudice.

### D.  Constructive Fraud - Count Six

EMC argues that as a subsequent loan servicer, it owed no duty to Jaime that could support a confidential relationship in the context of a constructive fraud claim.  As set forth with respect to BAC's and Mortgage Capital's motions, lenders and servicers ordinarily are not in a special or confidential relationship with borrowers absent other facts.  Plaintiff has not alleged any facts that would change the usual relationship into a confidential relationship.  The Court will dismiss this claim without prejudice.

///

**E.  Negligence - Count Eight**

EMC argues Plaintiff's negligence claim fails because EMC owes no duty to Jaime.  As discussed above, a lender or loan servicer generally owes no duties to a borrower and Plaintiff has not alleged facts of a special relationship.  The Court therefore will dismiss this claim without prejudice.

**F.  Civil Conspiracy - Count Ten**

EMC argues Plaintiff fails to allege conspiracy to commit fraud claims with particularity, and because Plaintiff fails to allege any underlying tort, the civil conspiracy claim necessarily fails.  As set forth with respect to BAC's and Mortgage Capital's motions, Plaintiff fails to allege facts in support of her civil conspiracy claim and Plaintiff fails to allege an underlying tort with respect to Defendant EMC.  The Court therefore will dismiss this claim without prejudice.

**VI.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant BAC Home Loans Servicing, LP's Motion to Dismiss (Doc. #12) is hereby GRANTED.  Plaintiff's claims against Defendant BAC Home Loans Servicing, LP are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant Mortgage Capital Associates, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #14) is hereby GRANTED.  Plaintiff's claims against Defendant Mortgage Capital Associates, Inc. are dismissed without prejudice, except for Plaintiff's claims for unfair lending practices (count three) and tortious interference (count nine) which are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Doc. #16) is hereby DENIED.

IT IS FURTHER ORDERED that Defendant EMC Mortgage Corporation's Motion to Dismiss Plaintiff's Complaint (Doc. #23) is hereby GRANTED.  Plaintiff's claims against Defendant EMC Mortgage Corporation are hereby dismissed without

prejudice, except for Plaintiff's claims for unfair lending practices (count three) and fraud (count five) which are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint no later than February 17, 2011.

DATED: January 11, 2011

_____
PHILIP M. PRO
United States District Judge

21